

March 7, 2025

**BY ECF**
Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Merone v. City of New York, et al.*, 24 CV 8730 (BMC)

Your Honor:

    I represent plaintiff Kristin Merone in the above-referenced matter. Pursuant to the order dated January 29, 2025, the parties have conferred and hereby respectfully submit the following joint letter and enclosed Case Management Plan.

**1. Brief Description of the Case**

    **A. By Plaintiff:**

    Plaintiff Kristin Merone is a forty-one-year-old licensed clinical social worker (LCSW, LCSWR) who suffers from bipolar disorder, anxiety, and posttraumatic stress disorder. At approximately 10:00 p.m. on January 14, 2022, Ms. Merone suffered a manic episode common to her mental health diagnosis while outside the home of her ex-boyfriend at 14 Wadsworth Avenue, Staten Island, New York. Ms. Merone's ex-boyfriend's family summoned the police and informed responding officers of Ms. Merone's mental health history. Ms. Merone's own parents were present as well and communicated with responding officers regarding their daughter's mental health diagnoses.

    For approximately forty-five minutes, Ms. Merone sat on the front porch of 14 Wadsworth Avenue, posing no threat to herself or anyone else present, and there was no need for officers to take urgent action or use force. Instead of following existing NYPD procedures applicable to encounters with emotionally disturbed persons, defendant officers Garcia, Hakius, and a third officer believed to be Brucato, Sciarillo, or Doe physically removed Ms. Merone from the porch and needlessly twisted her arm to the point where her elbow was broken and dislocated.

Ms. Merone was not charged with any violation of law or taken into police custody. Instead, she was strapped to a gurney with her injured arm handcuffed behind her back and put into an ambulance while screaming in pain. At the hospital, imaging revealed the fracture and dislocation of Ms. Merone's right elbow. As a result of her injuries, Ms. Merone underwent two surgeries to her right arm.

### B. By Defendants:

On January 12, 2022, the NYPD received a 911 call indicating that plaintiff was refusing to leave her ex-boyfriend's house at 14 Wadsworth Avenue. The defendant officers responded to the house and upon arriving observed plaintiff sitting on the porch with a dog between her legs. The officers spoke with plaintiff's parents and individuals who apparently lived in the house, and determined that plaintiff needed to be evaluated at a hospital. EMTs also responded and agreed that plaintiff needed to be evaluated at a hospital. The defendant officers, EMTs, and others spoke with plaintiff for about 45 minutes, pleading with her to go to the hospital. During this interaction, the officers did not approach plaintiff in part because the dog was growling and appeared defensive. Plaintiff continued to refuse to leave the residence, so the defendant officers requested assistance from the NYPD Emergency Services Unit ("ESU").

ESU arrived and also pleaded with plaintiff to leave the residence and go to the hospital. Plaintiff continued to refuse, so ESU took control of the dog, handcuffed plaintiff behind her back, and escorted her away from the house. Plaintiff was placed on a gurney in an ambulance. Plaintiff complained that the handcuffs were hurting her arm and, almost immediately thereafter, officers adjusted plaintiff's handcuffs such that one of plaintiff's wrists was handcuffed to the gurney. Defendants Hakius and Brucato went to the hospital with plaintiff and left once doctors indicated that it was safe to do so.

## 2. Jurisdiction/Venue:

### A. Plaintiff's Statement:

Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights and is brought under 42 U.S.C. § 1983 and the ADA.

### B. Defendants' Statement:

Defendants do not contest subject-matter jurisdiction.

**ELEFTERAKIS, ELEFTERAKIS & PANEK**
eeplaw.com   80 Pine Street, 38th Floor, New York, NY 10005   T: 212-532-1116   F: 212 532-1176

## 3. Contemplated Motions:

### A. Plaintiff's Statement:

Plaintiff does not contemplate any motions. In response to defendants' statement below, plaintiff respectfully notes that she will oppose *Monell* bifurcation on the grounds that her ADA claim, to which qualified immunity does not apply, overlaps factually with her *Monell* claim, making bifurcation inefficient and unwarranted.

### B. Defendants' Statement:

Defendants anticipate filing a fully-dispositive motion for summary judgment at the close of discovery. Defendants intend to request that plaintiff's *Monell* claim and related discovery be bifurcated at the initial conference.

## 4. Claims and Defenses:

### A. Plaintiff's Statement:

Plaintiff asserts a *Monell* claim, a violation of Title II of the ADA and Rehabilitation Act, as well as federal claims of unreasonable force, deliberate indifference and failure to intervene.

### B. Defendants' Statement:

Defendants assert that any force used was reasonable under the circumstances in light of plaintiff's resistance, that plaintiff's deliberate indifference claim fails because, *inter alia*, no defendant exhibited deliberate indifference to any medical need (let alone a sufficiently serious one), that plaintiff's failure to intervene claim fails because, *inter alia*, there was no underlying constitutional violation, that plaintiff's *Monell* claim fails because, *inter alia*, there was no underlying constitutional violation and plaintiff cannot establish that any City policy caused her alleged constitutional violations, and that plaintiff's ADA claim fails because, *inter alia*, plaintiff cannot establish that she was a qualified individual subject to discrimination. Furthermore, some or all of plaintiff's claims may be barred by the applicable statute of limitations. At a minimum, the individual defendants are entitled to qualified immunity.

**ELEFTERAKIS, ELEFTERAKIS & PANEK**
eeplaw.com   80 Pine Street, 38th Floor, New York, NY 10005  T: 212-532-1116  F: 212 532-1176

**C. Consent to Trial by a Magistrate Judge**

At this time, all parties do not consent to trial of this case before a Magistrate Judge.

Thank you for your attention to this matter.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:     Defense Counsel

**ELEFTERAKIS, ELEFTERAKIS & PANEK**
eeplaw.com   80 Pine Street, 38th Floor, New York, NY 10005   T: 212-532-1116   F: 212 532-1176