July 30, 2025

**BY ECF**
Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Merone v. City of New York, et al.*, 24 CV 8730 (BMC)

Your Honor:

I represent plaintiff in the above-referenced action. I write to respectfully request leave to file an amended complaint. Pursuant to Local Civil Rule 15.1 and Rule III.A.1 of the Court's Individual Practices, a clean version of the proposed amendment is annexed hereto as Exhibit 1 and a redline version showing the proposed changes is annexed as Exhibit 2. As discussed below, defendants do not oppose this request.

As the Court may recall, plaintiff voluntarily narrowed her claims and dismissed all but two defendants at the close of fact discovery. *See* DE #23. We then learned for the first time at the pre-motion conference on July 24, 2025 that, in addition to arguing qualified immunity, defendants intend to invoke cases where arguments were impermissibly raised for the first time in opposition to summary judgment to claim that plaintiff has "changed her theory."

In the context of this case, this argument lacks color. Plaintiff's timely complaint against defendant Garcia unequivocally alleged excessive force against that defendant for the incident that occurred on the evening of January 14, 2022 at 14 Wadsworth Avenue in Staten Island. *See* DE #1. As the undersigned explained during the conference last week, we were not in possession of the body worn camera footage that best captured the portion of the incident that took place on the porch when the complaint was drafted. As the Court correctly noted at the conference, defendants, however, were in possession of that video from the outset.

Moreover, plaintiff's deposition of Garcia, defended by Corporation Counsel, focused almost entirely on Garcia's conduct on the porch and included a nearly frame-by-frame inquiry that left no doubt about the contours of plaintiff's allegations. For their part, defendants examined plaintiff without showing her the video and with minimal questioning. Nevertheless, plaintiff – who was in a manic episode and severely injured in the incident – testified with clarity about how she was injured: "They put my arm behind my back and assaulted me and this is how my elbow got

injured, by putting my hands behind my back." *See* Deposition Testimony, annexed hereto as Exhibit 3, p. 43, ln. 15-17. Plaintiff clearly explained that at the time she was handcuffed her elbow "was already injured" from what had been done to her earlier, the mechanism of which she described accurately. *See id.* at p. 44, ln. 4- p. 46, ln. 5.

> Q: And when in relation to when your elbow was twisted [were] you handcuffed?
>
> A: I think immediately or very shortly after, I'd say.

*Id.* at p. 46, ln. 2-5.

In an effort to resolve this issue without burdening the Court, the undersigned e-mailed defense counsel following the July 24th conference requesting authority for defendants' position and the portions of the record they claimed supported their argument. Defendants declined to identify any specific portion of the record or provide any specific cases, referring only to plaintiff's deposition and the complaint generally. The undersigned insisted on conferring and, in advance of our discussion, e-mailed defendants plaintiff's proposed amendment seeking their consent.

Defendants responded this morning: "Although defendants submit that plaintiff's new allegations are contrary to her deposition testimony and time-barred, because defendants intend to file a fully-dispositive motion for summary judgment they do not object to plaintiff's request for leave to file the proposed amended complaint."

These arguments are wholly unavailing because plaintiff's proposed amendment unquestionably relates back to her timely-filed pleading in accordance with Fed. R. Civ. P. 15(c)(1)(B) and plaintiff's deposition testimony fully accords with Garcia's conduct on the porch as captured on video; to the extent defendants disagree, that should be a subject of cross-examination, not motion practice.

If it should please the Court, plaintiff does not believe amendment of the complaint is required under these circumstances. However, plaintiff respectfully submits that there is good cause to allow the amendment, as it will streamline summary judgment motion practice and put defendants' argument to rest. Accordingly, plaintiff respectfully requests leave to file Exhibit 1, which addresses Garcia's conduct on the porch.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc: Defense Counsel



ELEFTERAKIS, ELEFTERAKIS & PANEK
eeplaw.com 80 Pine Street, 38th Floor, New York, NY 10005 T: 212-532-1116 F: 212 532-1176